| United States Bankruptcy Court<br>Southern District of New York | | **Voluntary Petition** |
|---|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Chassix, Inc.** | Name of Joint Debtor (Spouse) (Last, First, Middle):<br>**N/A** |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>**DMI SMW Holding Corporation** | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>**N/A** |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all):<br>**46-1525728** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all):<br>**N/A** |
| Street Address of Debtor (No. and Street, City, and State):<br>**300 Galleria Office Center, Suite 501**<br>**Southfield, MI**<br>ZIP CODE **48034** | Street Address of Joint Debtor (No. and Street, City, and State):<br>**N/A**<br>ZIP CODE **N/A** |
| County of Residence or of the Principal Place of Business: **Oakland** | County of Residence or of the Principal Place of Business: **N/A** |
| Mailing Address of Debtor (if different from street address):<br>**N/A**<br>ZIP CODE **N/A** | Mailing Address of Joint Debtor (if different from street address):<br>**N/A**<br>ZIP CODE **N/A** |
| Location of Principal Assets of Business Debtor (if different from street address above): **N/A**<br>ZIP CODE **N/A** | |

| **Type of Debtor**<br>(Form of Organization)<br>(Check **one** box.) | **Nature of Business**<br>(Check **one** box.) | **Chapter of Bankruptcy Code Under Which<br>the Petition is Filed** (Check **one** box) |
|---|---|---|
| ☐ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☒ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state type of entity below).<br>_____ | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☒ Other<br>Automotive Machining and Casting Supplier | ☐ Chapter 7<br>☐ Chapter 9<br>☒ Chapter 11<br>☐ Chapter 12<br>☐ Chapter 13<br>☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding<br>☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding |

| **Chapter 15 Debtors**<br>Country of debtor's center of main interests: _____<br>Each country in which a foreign proceeding by, regarding, or against debtor is pending: _____ | **Tax-Exempt Entity**<br>(Check box, if applicable)<br>☐ Debtor is a tax-exempt organization under title 26 of the United States Code (the Internal Revenue Code). | **Nature of Debts**<br>(Check **one** box.)<br>☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."  ☒ Debts are primarily business debts. |
|---|---|---|

| **Filing Fee** (Check one box) | **Chapter 11 Debtors** |
|---|---|
| ☒ Full Filing Fee attached<br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | **Check one box:**<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☒ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>**Check if:**<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 (*amount subject to adjustment on 4/01/16 and every three years thereafter*).<br>– – – – – – – – – – – – – – – – – – – – – – – –<br>**Check all applicable boxes:**<br>☒ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

| **Statistical/Administrative Information** | **THIS SPACE IS FOR COURT USE ONLY** |
|---|---|
| ☒ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | |

Estimated Number of Creditors (on a consolidated basis)

| ☐ 1-49 | ☐ 50-99 | ☐ 100-199 | ☐ 200-999 | ☒ 1000-5,000 | ☐ 5,001-10,000 | ☐ 10,001-25,000 | ☐ 25,001-50,000 | ☐ 50,001-100,000 | ☐ Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|

Estimated Assets (on a consolidated basis)

| ☐ $0 to $50,000 | ☐ $50,001 to $100,000 | ☐ $100,001 to $500,000 | ☐ $500,001 to $1 million | ☐ $1,000,001 to $10 million | ☐ $10,000,001 to $50 million | ☐ $50,000,001 to $100 million | ☐ $100,000,001 to $500 million | ☒ $500,000,001 to $1 billion | ☐ More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

Estimated Liabilities (on a consolidated basis)

| ☐ $0 to $50,000 | ☐ $50,001 to $100,000 | ☐ $100,001 to $500,000 | ☐ $500,001 to $1 million | ☐ $1,000,001 to $10 million | ☐ $10,000,001 to $50 million | ☐ $50,000,001 to $100 million | ☐ $100,000,001 to $500 million | ☒ $500,000,001 to $1 billion | ☐ More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

| **Voluntary Petition** | Name of Debtor(s): **Chassix, Inc.** |
|---|---|
| *(This page must be completed and filed in every case)* | |

| **All Prior Bankruptcy Case Filed Within Last 8 Years** (If more than two, attach additional sheet) |||
|---|---|---|
| Location Where Filed: **N/A** | Case Number: **N/A** | Date Filed: **N/A** |
| Location Where Filed: **N/A** | Case Number: **N/A** | Date Filed: **N/A** |

| **Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor** (If more than one, attach additional sheet) |||
|---|---|---|
| Name of Debtor: **See Schedule 1 Attached** | Case Number: **As Filed** | Date Filed: **March 12, 2015** |
| District: **Southern District of New York** | Relationship: **See Schedule 1 Attached** | Judge: **Undetermined** |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11). | (To be completed if debtor is an individual whose debts are primarily consumer debts) I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. § 342(b). |
| ☐ Exhibit A is attached and made a part of this petition. | X _____<br>Signature of Attorney for Debtor(s)        (Date) |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☒ No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐ Exhibit D, completed and signed by the debtor, is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D, also completed and signed by the joint debtor, is attached and made a part of this petition.

**Information Regarding the Debtor Venue**
(Check any applicable box).

☐ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☒ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes).

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord than obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(1)).

| Voluntary Petition  *(This page must be completed and filed in every case)* | Name of Debtor(s): **Chassix, Inc.** |
|---|---|

## Signatures

| **Signature(s) of Debtor(s) (Individual/Joint)** | **Signature of a Foreign Representative** |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct. [If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7. [If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b). I request relief in accordance with the chapter of title 11, United States Code, specified in this petition. X_____ Signature of Debtor  X_____ Signature of Joint Debtor  _____ Telephone Number (If not represented by attorney)  _____ Date | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.  (Check only **one** box.)  ☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.  ☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.  X_____ (Signature of Foreign Representative)  _____ (Printed Name of Foreign Representative)  _____ Date |
| **Signature of Attorney*** | **Signature of Non-Attorney Bankruptcy Petition Preparer** |
| X /s/ Ray C. Schrock, P.C. Signature of Attorney for Debtor(s)  Ray C. Schrock, P.C. Printed Name of Attorney for Debtor(s)  Weil, Gotshal & Manges LLP Firm Name  767 Fifth Avenue Address  New York, New York 10153  (212) 310-8000 Telephone Number  March 12, 2015 Date  * In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect. | I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.  _____ Printed Name and title, if any, of Bankruptcy Petition Preparer  _____ Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)  _____ Address  X_____ Signature  _____ Date  Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.  Name and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.  If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.  *A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.* |
| **Signature of Debtor (Corporation/Partnership)** | |
| I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.  The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.  X /s/ David J. Woodward Signature of Authorized Individual  David J. Woodward Printed Name of Authorized Individual  Interim Chief Financial Officer Title of Authorized Individual  March 12, 2015 Date | |

**Schedule 1**

**PENDING BANKRUPTCY CASES CONCURRENTLY
FILED BY THE DEBTOR AND AFFILIATES OF THE DEBTOR**

On March 12, 2015, each of the affiliated entities listed below (collectively, the "**Debtors**") filed a petition for relief under chapter 11 of title 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "**Court**"). A motion will be filed with the Court requesting that the chapter 11 cases of the entities listed below be consolidated for procedural purposes only and jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

| Company | Case No. |
|---|---|
| Automotive Properties of New York, LLC | 15- _____ (___) |
| Chassix Holdings, Inc. | 15- _____ (___) |
| UC Holdings, Inc. | 15- _____ (___) |
| Chassix, Inc. | 15- _____ (___) |
| Diversified Machine, Inc. | 15- _____ (___) |
| Diversified Machine Bristol, LLC | 15- _____ (___) |
| Chassix Georgia Machining, LLC | 15- _____ (___) |
| DMI Columbus, LLC | 15- _____ (___) |
| Diversified Machine Montague, LLC | 15- _____ (___) |
| Diversified Machine, Milwaukee LLC | 15- _____ (___) |
| DMI Edon LLC | 15- _____ (___) |
| Mexico Products I, LLC | 15- _____ (___) |
| DMI China Holding LLC | 15- _____ (___) |
| Concord International, Inc. | 15- _____ (___) |
| SMW Automotive, LLC | 15- _____ (___) |
| Automotive, LLC | 15- _____ (___) |
| Chassis Co. of Michigan, LLC | 15- _____ (___) |
| AluTech, LLC | 15- _____ (___) |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                                               :
In re                                                          :    Chapter 11 Case No.
                                                               :
**CHASSIX, INC.,**                                             :    15-_____ (___)
                                                               :
                        Debtor.                                :
                                                               :
---------------------------------------------------------------x

## CONSOLIDATED LIST OF CREDITORS
## HOLDING 40 LARGEST UNSECURED CLAIMS[1]

    The following is the consolidated list of the creditors of Chassix, Inc. and its affiliated debtors in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), holding the forty (40) largest noncontingent unsecured claims as of March 2, 2015.

    Except as set forth above, this list has been prepared in accordance with Rule 1007(d) of the Federal Rules of Bankruptcy Procedure and Rule 1007-1 of the Local Bankruptcy Rules for the Southern District of New York. This list does not include persons who come within the definition of "insider" set forth in section 101(31) of chapter 11 of the United States Code.

| No. | Creditor | Contact, Mailing Address, Telephone Number/Fax Number, Email | Nature of Claim | C U D P[2] | Amount of Claim |
|---|---|---|---|---|---|
| 1 | DELAWARE TRUST COMPANY, AS SUCCESSOR TRUSTEE | Delaware Trust Company<br>2711 Centerville Road<br>Wilmington, DE 19808<br>Attn: Sandra E. Horwitz<br>Telephone: 877.374.6010, ext. 62412<br>Facsimile: 302.636.8666 | Unsecured Notes | | $157,971,125 |

---

[1] The information herein shall not constitute an admission of liability by, nor is it binding on, the Debtors. All claims are subject to customary offsets, rebates, discounts, reconciliations, credits, and adjustments, which are not reflected on this Schedule.

[2] C: Contingent; U: Unliquidated; D: Disputed; P: Partially Secured

| No. | Creditor | Contact, Mailing Address, Telephone Number/Fax Number, Email | Nature of Claim | C U D P[2] | Amount of Claim |
|---|---|---|---|---|---|
| 2 | BECK ALUMINUM CORPORATION | Beck Aluminum Corporation<br>6150 Parkland Blvd.<br>Paragon II, Suite 260<br>Mayfield Heights, OH 44124<br>Attn: Bryan Beck<br>Telephone: 440.684.4848<br>Facsimile: 216.861.0545<br>bryan@beckalum.com | Trade Claim | | $12,353,000 |
| 3 | KOYO BEARINGS NORTH AMERICA | Koyo Bearings North America<br>4895 Dressler Road NW #B<br>Canton, OH 44718<br>Attn: Keith Genzel<br>Telephone: 734.454.7560<br>Facsimile: 440.825.9347<br>keith.genzel@jtekt.com | Trade Claim | | $4,419,945 |
| 4 | AUTOMOTIVE CASTING TECHNOLOGY, INC D/B/A CASTING TECHNOLOGIES CO. | Automotive Casting Technology, Inc.<br>14638 Apple Drive<br>Fruitport, MI 49415<br>Attn: Mike Weber<br>Telephone: 586.909.1230<br>Facsimile: 616.842.5872<br>mweber@c-t-c.com | Trade Claim | | $4,016,341 |
| 5 | C.H. ROBINSON COMPANY, INC. | C.H. Robinson Company, Inc.<br>14701 Charlson Road<br>Suite 2400<br>Eden Prarie, MN 55347<br>Attn: Brian Tonn<br>Telephone: 952.683.3766<br>Facsimile: 952.683.3768<br>brian.tonn@chrobinson.com | Trade Claim | | $3,016,269 |
| 6 | NTN BEARING CORPORATION | NTN Bearing Corporation<br>39255 W 12 Mile Road<br>Farmington Hills, MI 48331-2975<br>Attn: Chris Meissnest<br>Telephone: 248.324.4574<br>Facsimile: 847.294.1000<br>cmeissnest@ntnusa.com | Trade Claim | | $2,277,170 |
| 7 | FAGOR EDERLAN, S. COOP | Fagor Ederlan, S.Coop.<br>Torrebaso Pasealekua 7<br>Eskoriatza, Spain 20540<br>Attn: Gumaro Rivera<br>Telephone: 0034.943.719000<br>Facsimile: 34.943.719.001<br>g.rivera@fagorederlan.com | Trade Claim | | $2,176,811 |
| 8 | ZF CHASSIS COMPONENTS, LLC | ZF Chassis Components, LLC<br>1570 East P Street Extension<br>Newton, NC 28658-3059<br>Attn: Doug Kramer<br>Telephone: 734.354.1485<br>Facsimile: 734.416.1948<br>doug.kramer@zf.com | Trade Claim | | $2,137,417 |

2

| No. | Creditor | Contact, Mailing Address, Telephone Number/Fax Number, Email | Nature of Claim | C U D P[2] | Amount of Claim |
|---|---|---|---|---|---|
| 9 | SKF USA INC. | SKF USA Inc.<br>46815 Port Street<br>Plymouth, MI 48170<br>Attn:  Michael Draughn<br>Telephone:  734.414.6991<br>Facsimile:  734.414.6850<br>michael.draughn@skf.com | Trade Claim | | $2,077,969 |
| 10 | GREDE LLC - ST. CLOUD | Grede LLC-St. Cloud<br>St. Cloud Foundry<br>5200 Foundry Circle<br>St. Cloud, MN 56303<br>Attn:  Matt McDonald<br>Telephone:  248.440.9522<br>Facsimile:  248.440.9577<br>msmcdonald@grede.com | Trade Claim | | $2,074,069 |
| 11 | P.F. MARKEY, INC. | P.F. Markey, Inc.<br>2880 Universal Drive<br>Saginaw, MI 48603<br>Attn:  Jim Terry<br>Telephone:  989.793.0900<br>Facsimile:  989.793.9511<br>jimterry@pfmarkey.com | Trade Claim | | $1,920,734 |
| 12 | ILJIN USA CORPORATION | Iljin USA Corporation<br>28055 Haggerty Road<br>Novi, MI 48377<br>Attn:  John Anwiler<br>Telephone:  248.848.9303<br>Facsimile:  248.848.0566<br>janwiler@iljin.com | Trade Claim | | $1,764,411 |
| 13 | ALCOA PRIMARY METALS | Alcoa Primary Metals<br>1100 Riverview Tower<br>900 S. Gay Street<br>Knoxville, TN 37902<br>Attn:  Peter Smith<br>Telephone:  865.594.4823<br>Facsimile:  865.594.4981<br>peter.smith@alcoa.com | Trade Claim | | $1,663,161 |
| 14 | GREDE LLC - REEDSBURG | Grede LLC-Reedsburg<br>700 Ash Street<br>Reedsburg, WI 53959<br>Attn:  Carrie Heiking<br>Telephone:  608.524.9407<br>Facsimile:  608.524.9501<br>cheiking@grede.com | Trade Claim | | $1,644,325 |
| 15 | CTC CASTING TECHNOLOGIES CO. | CTC Casting Technologies Co.<br>75 Remittance Drive<br>Suite 3232<br>Chicago, IL 60675-1212<br>Attn:  Mike Weber<br>Telephone:  586.909.1230<br>Facsimile:  248.477.4891<br>mweber@c-t-c.com | Trade Claim | | $1,466,462 |

3

| No. | Creditor | Contact, Mailing Address, Telephone Number/Fax Number, Email | Nature of Claim | C U D P[2] | Amount of Claim |
|---|---|---|---|---|---|
| 16 | CADILLAC CASTING, INC. | Cadillac Casting, Inc.<br>1500 4th Avenue<br>Cadillac, MI 49601<br>Attn: Matt Roberts<br>Telephone: 734.347.7780<br>Facsimile: 231.779.9640<br>mroberts@cadillaccasting.com | Trade Claim | | $1,374,213 |
| 17 | ANDERSON EXPRESS | Anderson Express<br>580 W. Sherman Boulevard<br>Muskegon Heights, MI 49444<br>Attn: Dan Arends<br>Telephone: 231.733.6014<br>Facsimile: 231.733.2166<br>darends@andersonexpressinc.com | Trade Claim | | $1,353,506 |
| 18 | ZHONGDING USA INC. | Zhongding USA Inc.<br>400 Detroit Avenue<br>Monroe, MI 48162<br>Attn: Steven Michael<br>Telephone: 765.662.3607<br>Facsimile: 734.241.8354<br>steve.michael@zd-usa.com | Trade Claim | | $1,310,886 |
| 19 | SW INDUSTRIES, INC. | SW Industries, Inc.<br>40615 Koppernick Road<br>Canton, MI 48187<br>Attn: Mark Reichenbacher<br>Telephone: 248.622.9725<br>Facsimile: 49.0.7402.74.118<br>m.reichenbacher@sw-machines.de | Trade Claim | | $1,293,862 |
| 20 | ZF LEMFORDER CORPORATION | ZF Lemforder Corporation<br>Brewer Components<br>P.O. Box 933059<br>Atlanta, GA 31193-3059<br>Attn: Daniel Diaz<br>Telephone: 734.207.7769<br>Facsimile: 734.416.1948<br>daniel.diaz@zf.com | Trade Claim | | $1,263,470 |
| 21 | TUOPU NORTH AMERICA LIMITED | Tuopu North America Limited<br>2100 Bloor Street W<br>Unite 6283<br>Toronto, ON MS6 5A5<br>Attn: Gao Wei<br>Telephone: 8.680.1301<br>Facsimile: 8.680.1326<br>seekfull@hotmail.com | Trade Claim | | $1,258,949 |
| 22 | SUSTAINED QUALITY | Sustained Quality<br>431 E. Colfax Avenue<br>Suite 100<br>South Bend, IN 46617<br>Attn: Lesley Maydon<br>Telephone: 574.231.6392<br>Facsimile: 267.295.8211<br>lmaydon@sustained-quality.com | Trade Claim | | $1,190,008 |

4

| No. | Creditor | Contact, Mailing Address, Telephone Number/Fax Number, Email | Nature of Claim | C U D P[2] | Amount of Claim |
|---|---|---|---|---|---|
| 23 | GENERAL ALUMINUM MANUFACTURING COMPANY | General Aluminum Manufacturing Company<br>6065 Parkland Boulevard<br>Cleveland, OH 44124<br>Attn: Gary McLaughlin<br>Telephone: 440.947.2017<br>Facsimile: 440.947.2009<br>gmclaughlin@generalaluminum.com | Trade Claim | | $1,079,197 |
| 24 | MAKINO, INC. | Makino, Inc.<br>7680 Innovation Way<br>Mason, OH 45040<br>Attn: Bill Schwanki<br>Telephone: 248.320.7513<br>Facsimile: 513.573.7265<br>william.schwanki@makino.com | Trade Claim | | $1,009,881 |
| 25 | BREMBO S.P.A. | Brembo S.p.A.<br>Via Brembo N.25<br>Curno Bergamo, Italy 24035<br>Attn: LeBlanc Thomas<br>Telephone: 734.468.2107<br>Facsimile: 39.035.605.300<br>tLeBlanc@us.brembo.com | Trade Claim | | $996,799 |
| 26 | MANPOWERGROUP US INC. | ManpowerGroup US Inc.<br>21271 Network Place<br>Chicago, IL 60673-1212<br>Attn: Mike Dixon<br>Telephone: 217.416.5331<br>Facsimile: N/A<br>mike.dixon@manpower.com | Trade Claim | | $987,450 |
| 27 | BOSELLO HIGH TECHNOLOGY SRL | Bosello High Technology srl<br>Via San Bernardo 25/27<br>Cassano Magnago Italy 21012<br>Attn: Moreno Savio<br>Telephone: 39.0331.776109<br>Facsimile: N/A<br>moreno.savio@bosello.it | Trade Claim | | $956,108 |
| 28 | DONGAH AMERICA, INC. | Dongah America, Inc.<br>1807 East Maple Road<br>Troy, MI 48084<br>Attn: Hanik Bae<br>Telephone: 248.918.5810, ext. 5823<br>Facsimile: 248.680.0166<br>hibae@dtrvms.com | Trade Claim | | $950,195 |
| 29 | CENTRAL CORPORATION CTR | Central Corporation CTR<br>3000 Town Center<br>Southfield, MI 48075<br>Attn: Jill Blair<br>Telephone: 248.358.1129, ext. 151<br>Facsimile: 248.339.2897<br>jblair@centralsales.net | Trade Claim | | $916,888 |

5

| No. | Creditor | Contact, Mailing Address, Telephone Number/Fax Number, Email | Nature of Claim | C U D P[2] | Amount of Claim |
|---|---|---|---|---|---|
| 30 | EMPLOYMENT PLUS, INC. | Employment Plus, Inc.<br>1801 S. Liberty Drive<br>Suite 300<br>Bloomington, IN 47403<br>Attn:  Amy Grinole<br>Telephone:  574.206.1522<br>Facsimile:  574.206.1565<br>agrinole@employmentplus.com | Trade Claim | | $796,685 |
| 31 | DYNAMIC MACHINE OF DETROIT | Dynamic Machine of Detroit<br>1653 East Maple Road<br>Troy, MI 48083<br>Attn: Julie Rice<br>Telephone:  248.404.6190<br>Facsimile:  248.404.6196<br>jrice@dynamicdetroit.com | Trade Claim | | $752,917 |
| 32 | JINYOUNG INDUSTRIAL CO., LTD. | Jinyoung Industrial Co., Ltd.<br>472-7 Moknae-Dong<br>Ansan-City<br>Kyunggi-Do, Korea<br>Attention:  Ricky<br>Telephone:  82.31.492.3882<br>Facsimile:  82.31.492.3890<br>richy@i-jy.com | Trade Claim | | $736,414 |
| 33 | PUSAN CAST IRON CO., LTD. | Pusan Cast Iron Co., Ltd.<br>60-4, Haknam-Ri, Onsan-Eup<br>Uljoo-Kun, Ulsan, Korea<br>Attn:  Ted Kim<br>Telephone:  82.1195.476464<br>Facsimile:  82.52.231.3860<br>tkim@pci21c.com | Trade Claim | | $702,753 |
| 34 | MOTION INDUSTRIES, INC. | Motion Industries, Inc.<br>4709 Wyland Drive<br>Elkhart, IN 46516<br>Attn:  Paul Blair<br>Telephone:  216.398.2200<br>Facsimile:  216.398.2220<br>paul.blair@motion-ind.com | Trade Claim | | $687,431 |
| 35 | AMERICAN COLLOID COMPANY | American Colloid Company<br>NW 5020<br>Minneapolis, MN 55485-5020<br>Attention:  Darren Howard<br>Telephone:  423.265.5707<br>Facsimile:  423.265.4702<br>darren.howard@amcol.com | Trade Claim | | $687,103 |
| 36 | COBRA TRADING, LLC | Cobra Trading, LLC<br>2237 E. Enterprise Parkway<br>Twinsburg, OH 44087<br>Attention:  Kevin Dykstra<br>Telephone:  330.653.3526<br>Facsimile:  330.653.3527<br>rhoefler@cobratradingllc.com | Trade Claim | | $672,516 |

6

| No. | Creditor | Contact, Mailing Address, Telephone Number/Fax Number, Email | Nature of Claim | C U D P[2] | Amount of Claim |
|---|---|---|---|---|---|
| 37 | AEROTEK, INC. | Aerotek, Inc.<br>555 Briarwood Circle<br>Ann Arbor, MI 48108<br>Attention: Julia Graves<br>Telephone: 800.708.0312<br>Facsimile: 734.452.2095<br>jgraves@aerotek.com | Trade Claim | | $653,233 |
| 38 | BREMBO NORTH AMERICA, INC. | Brembo North America, Inc.<br>47765 Halyard Drive<br>Plymouth, MI 48170<br>Attn: Trent DeGrazia<br>Telephone: 734.468.2124<br>Facsimile: 734.468.2161<br>tdegrazia@us.brembo.com | Trade Claim | | $637,559 |
| 39 | BENNETT TOOLING SOLUTIONS | Bennett Tooling Solutions<br>3320 Bay Road<br>Saginaw, MI 48603<br>Attn: Kris Berg<br>Telephone: 989.797.5670<br>Facsimile: 989.797.5680<br>btsberg@gmail.com | Trade Claim | | $624,873 |
| 40 | B&H PATTERN INC. | B&H Pattern Inc.<br>3240 W. Highview Drive<br>Appleton, WI 54130<br>Attention: Amy Bloch<br>Telephone: 920.731.3861<br>Facsimile: 920.731.5241<br>abloch@bh-pattern.com | Trade Claim | | $600,480 |

**DECLARATION UNDER PENALTY OF PERJURY:**

    I, the undersigned authorized officer of the corporation named as Debtor in this case, declare under penalty of perjury that I have read the foregoing Consolidated List of Creditors Holding the Forty (40) Largest Unsecured Claims and that the list is true and correct to the best of my information and belief.

Dated: March 12, 2015

                   /s/ David J. Woodward
                   By:  David J. Woodward
                   Title:  Interim Chief Financial Officer

# CHASSIX, INC.

## SECRETARY'S CERTIFICATE

March 12, 2015

       The undersigned hereby certifies that she is the Vice President and Secretary of Chassix, Inc., a Delaware corporation (the "Company") and further certifies that attached hereto as Exhibit A is a true, complete, and correct copy of resolutions adopted by the Board of Directors of the Company (the "Board") by unanimous written consent on March 12, 2015. Such resolutions were duly and validly adopted by the Board in accordance with the bylaws of the Company and the laws of the State of Delaware. All such resolutions are in full force and effect on the date hereof in the form in which adopted without amendment, modification, or revocation.

IN WITNESS WHEREOF, I have hereunto set my hand as of the date first above written.

By: _____
Name: Eva M. Kalawski
Title:   Vice President and Secretary

[SIGNATURE PAGE TO SECRETARY CERTIFICATE – CHASSIX, INC.]

**Exhibit A**

See attached.

# CHASSIX, INC.
## (the "Company")
### Resolutions Adopted by the Board of Directors
### (the "Board")

Commencement of Chapter 11 Case

RESOLVED, that in the judgment of the Board, it is desirable and in the best interests of the Company, its creditors, employees, and other interested parties, that a petition be filed by the Company seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"); and be it further

RESOLVED, that any officer of the Company (each, an "**Authorized Officer**"), is hereby authorized, empowered, and directed, in the name and on behalf of the Company, to execute and verify petitions under chapter 11 of the Bankruptcy Code and to cause the same to be filed in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") at such time that the Authorized Officer executing the same shall determine; and be it further

Retention of Advisors

RESOLVED, that the law firm of Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, is hereby employed as attorneys for the Company in the Company's chapter 11 case, subject to Bankruptcy Court approval; and be it further

RESOLVED, that the firm of Lazard Frères & Co. LLC, 30 Rockefeller Plaza, New York, New York 10112, is hereby employed as investment banker for the Company in the Company's chapter 11 case, subject to Bankruptcy Court approval; and be it further

RESOLVED, that the firm of FTI Consulting, Inc., 227 West Monroe Street, Suite 900, Chicago, Illinois 60606, is hereby employed to provide the Company with an interim Chief Financial Officer and to provide additional restructuring services for the Company in the Company's chapter 11 case, subject to Bankruptcy Court approval; and be it further

RESOLVED, that the firm of Prime Clerk LLC, 830 Third Avenue, 9th Floor, New York, New York 10022, is hereby employed as claims, noticing and solicitation agent for the Company in the Company's chapter 11 case, subject to Bankruptcy Court approval; and be it further

RESOLVED, that any Authorized Officer is hereby authorized, empowered, and directed to execute and file in the Company's chapter 11 case, all petitions, schedules, motions, lists, applications, pleadings, and other papers, and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals, and to take and perform any and all further acts and deeds which such Authorized Officer deems necessary, proper, or desirable in connection with the Company's chapter 11 case, including, without limitation, negotiating and obtaining debtor-in-possession financing and/or the use of cash collateral, and executing, delivering and performing any and all documents, agreements, certificates and/or instruments in connection with such debtor-in-possession financing and/or use of cash collateral, with a view to the successful prosecution of such case; and be it further

Debtor-in-Possession Financing

RESOLVED, that it is in the best interest of the Company to engage in, and the Company will obtain benefits from, the lending transactions, under (i) that certain superpriority senior secured debtor-in-possession term loan credit facility in an aggregate principal amount of approximately $100,000,000 to be evidenced by that certain Superpriority Secured Debtor-in-Possession Term Loan, Security and Guaranty Agreement, to be entered into by and among the Company, each other Obligor from time to time party thereto, the lenders from time to time party thereto (the "**Term Lenders**"), and Cantor Fitzgerald Securities as agent for the Term Lenders to be agreed (in such capacity and together with its successors, the "**Term Agent**") (together with the Exhibits and Schedules annexed thereto, the "**DIP Term Loan Agreement**"), and (ii) that certain superpriority senior secured debtor-in-possession revolving credit facility in an aggregate principal amount of approximately $150,000,000 to be evidenced by that certain Superpriority Senior Secured Debtor-in-Possession ABL Loan, Security and Guaranty Agreement, to be entered into by and among the Company, each other Obligor from time to time party thereto, the lenders from time to time party thereto (the "**ABL Lenders**"), and PNC Bank, National Association as agent for the ABL Lenders to be agreed (in such capacity and together with its successors, the "**ABL Agent**") (together with the Exhibits and Schedules annexed thereto, the "**DIP ABL Agreement**," and the DIP ABL Agreement, together with the DIP Term Loan Agreement, the "**DIP Credit Agreements**") (capitalized terms used in this section with respect to debtor-in-possession financing and not otherwise defined herein shall have the meanings ascribed to such terms in the DIP Term Loan Agreement and/or the DIP ABL Agreement, as applicable); in each case subject to approval by the Bankruptcy Court, which is necessary and appropriate to the conduct, promotion and attainment of the business of the Company (the "**Debtor-in-Possession Financing**"); and be it further

RESOLVED, that the form, terms and provisions of each of (i) the DIP Credit Agreements, including the use of proceeds to repay the Company's Prepetition ABL Credit Agreement and to make any adequate protection payments with respect to the Prepetition Senior Secured Notes, substantially in the form presented to the Board, and (ii) any and all of the other agreements, certificates, documents and instruments authorized, executed, delivered, reaffirmed, verified and/or filed in connection with the Debtor-in-Possession Financing (together with the DIP Credit Agreements, collectively, the "**DIP Financing Documents**") and the Company's performance of its obligations thereunder, including the borrowings and guarantees contemplated thereunder, are hereby, in all respects confirmed, ratified and approved; and be it further

RESOLVED, that any Authorized Officer is hereby authorized, empowered, and directed, in the name and on behalf of the Company, to cause the Company to negotiate and approve the terms, provisions of and performance of, and to prepare, execute and deliver the DIP Credit Agreements and any other DIP Financing Documents, in the name and on behalf of the Company under its corporate seal or otherwise, and such other documents, agreements, instruments and certificates as may be required by the ABL Agent or Term Agent or required by the DIP Credit Agreements and any other DIP Financing Documents; and be it further

RESOLVED, that the Company be, and hereby is, authorized to incur the Obligations and to undertake any and all related transactions contemplated under the DIP Credit Agreements including the granting of security thereunder (collectively, the "**DIP Financing Transactions**"); and be it further

RESOLVED, that any Authorized Officer is hereby authorized to grant security interests in, and liens on, any and all property of the Company as collateral pursuant to the DIP Credit Agreements to secure all of the obligations and liabilities of the Company thereunder to the ABL Lenders and Term Lenders, as applicable, and the ABL Agent and Term Agent, as applicable, and to authorize, execute, verify, file and/or deliver to the ABL Agent or Term Agent, on behalf of the Company, all agreements, documents and instruments required by the ABL Lenders and/or Term Lenders, as applicable, in connection with the foregoing; and be it further

RESOLVED, that any Authorized Officer is hereby authorized, empowered, and directed, in the name and on behalf of the Company, to take all such further actions including, without limitation, to pay all fees and expenses, in accordance with the terms of the DIP Financing Documents, which shall, in such Authorized Officer's sole judgment, be necessary, proper or advisable to perform the Company's obligations under or in connection with the DIP Credit Agreements or any of the other DIP Financing Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions; and be it further

RESOLVED, that any Authorized Officer is hereby authorized, empowered, and directed, in the name and on behalf of the Company, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of either of the DIP Credit Agreements and/or any of the DIP Financing Documents which shall, in such Authorized Officer's sole judgment, be necessary, proper or advisable; and be it further

Restructuring Support Agreement

RESOLVED, that any Authorized Officer is hereby authorized, empowered, and directed, in the name and on behalf of the Company, to cause the Company to enter into, execute, deliver, certify, file and/or record, and perform, (a) that certain restructuring support agreement (the "**Restructuring Support Agreement**"), substantially in the form presented to the Board, among Chassix Holdings, Inc., UC Holdings, Inc., the Company, and the subsidiaries set forth therein, and certain of the Company's creditors, and (b) such other documents, agreements, instruments and certificates as may be required by the Restructuring Support Agreement; and be it further

General Authorization and Ratification

RESOLVED, that any Authorized Officer is hereby authorized, empowered, and directed, in the name and on behalf of the Company, to cause the Company to enter into, execute, deliver, certify, file and/or record, and perform, such agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities, certificates, or other documents, including, without limitation, the Restructuring Support Agreement, and to take such other actions that in the judgment of the Authorized Officer shall be or become necessary, proper, or desirable in connection with the Company's chapter 11 case; and be it further

RESOLVED, that any and all past actions heretofore taken by any Authorized Officer or the directors of the Company in the name and on behalf of the Company in furtherance of any or all of the preceding resolutions be, and the same hereby are, ratified, confirmed, and approved in all respects; and be it further

RESOLVED, that this Consent may be executed in any number of counterparts, and any of the undersigned may execute this Consent on any one or more of such counterparts. All of such counterparts taken together shall be deemed to constitute one and the same instrument; and be it further

RESOLVED, that this Consent may be executed by facsimile and, upon such execution, shall have the same force and effect as an original.